J-S78008-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE ANTHONY BROWN | : | |
| | : | |
| Appellant | : | No. 344 WDA 2017 |

Appeal from the PCRA Order January 19, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001929-2010

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                       FILED JULY 13, 2018

Appellant, Bruce Anthony Brown, appeals pro se from the order entered on January 19, 2017, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

A jury found Appellant guilty of sexual assault and unlawful restraint and, on August 5, 2011, the trial court sentenced Appellant to serve an aggregate term of 12 ½ to 25 years in prison for his convictions.[1]  We affirmed Appellant's judgment of sentence on December 27, 2012; the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 12, 2013.  Commonwealth v. Brown, 64 A.3d 36 (Pa.

_____

[1] 18 Pa.C.S.A. §§ 3124.1 and 2902(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

Super. 2012) (unpublished memorandum) at 1-15, appeal denied, 69 A.3d 242 (Pa. 2013).

On June 23, 2014, Appellant filed a timely, pro se PCRA petition and the PCRA court subsequently appointed counsel to represent Appellant in the proceedings. However, on October 20, 2016, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

After reviewing counsel's Turner/Finley letter, the PCRA court granted counsel's petition to withdraw. PCRA Court Order, 10/20/16, at 1. Then, on December 21, 2016, the PCRA court notified Appellant that it intended to dismiss the PCRA petition in 20 days, without holding a hearing. See PCRA Court Order, 12/21/16, at 1; Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on January 19, 2017 and Appellant filed a notice of appeal to this Court.

After Appellant filed a notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). PCRA Court Order, 4/4/17, at 1. On June 7, 2017, the PCRA court issued its Rule 1925(a) opinion and declared that Appellant had failed to comply with its Rule 1925(b) order and, thus, all of Appellant's claims on appeal were waived. PCRA Court Opinion, 6/7/17, at 1-2.

On January 4, 2018, we entered a judgment order in the matter and held that, since Appellant failed to comply with the PCRA court's order to file and serve a concise statement of errors complained of on appeal, Appellant waived all of his claims on appeal. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement … are waived"); Commonwealth v. Castillo, 888 A.2d 775, 780 (Pa. 2005) ("in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived") (internal citations, quotations, and corrections omitted) (some internal capitalization omitted).

Appellant filed a timely motion for reconsideration and claimed that he did not receive the PCRA court's order directing him to file and serve the Rule 1925(b) statement. Therefore, on January 30, 2018, we vacated our judgment order and remanded the case to the PCRA court, so that the PCRA court could determine whether Appellant ever received its Rule 1925(b) order. Order, 1/30/18, at 1-2.

On February 27, 2018 and April 16, 2018, the PCRA court held a hearing on the matter. At the conclusion of the hearing, the PCRA court determined that Appellant had, in fact, received the Rule 1925(b) order and that his appellate claims were thus waived. Supplemental PCRA Court Opinion, 6/8/18, at 6. Therefore, as we held before, we hold again: since Appellant failed to comply with the PCRA court's order to file and serve a

concise statement of errors complained of on appeal, Appellant waived all of his claims on appeal. Pa.R.A.P. 1925(b)(4)(vii); Castillo, 888 A.2d at 780.

Appellant's Request to Reverse His Convictions denied. Appellant's Motion to Void Judgment from Evidentiary Hearing denied. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2018